UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT M. MILLER,
        *Plaintiff,*

v.

MARTIN J. GRUENBERG, Acting Chairman,
FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,
        *Defendants.*

Civil Action No. 1:21-cv-03035 (CJN)

ORAL HEARING REQUESTED

## AMENDED REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO SHOW CAUSE AND TO RESET DEADLINES

Plaintiff herein replies to Defendants' Opposition to Plaintiff's Motion ("*Opposition*"), Dkt. 18, to Plaintiff's Motion to Show Cause and Reset Deadlines ("*Motion*"). Dkt. 17.

## INTRODUCTION

Plaintiff moved this Court to order Defendants to **SHOW CAUSE** why this Court should not enter default judgment and to reset deadlines. That motion was well-founded upon facts and law, and it was not intended to antagonize Defendants or this Court.

Defendants simply cannot ignore Plaintiff's first service of process because they believe it was improperly served. The law requires them to contest the sufficiency of service of process in a F.R.C.P. 12(b)(5) motion to dismiss, accompanied by any other motions to dismiss they wish to present. Defendants' sixty days to respond to the complaint ends on May 5, 2022.

Exactly as Plaintiff said in his *Motion*, Defendants are pretending only the second service of process imposes a valid timeline for their answer, and they wish to maintain an erroneous deadline of May 27, 2022 in their favor. The only reason Plaintiff served Defendants a second time

1

was because Defendants had entered no appearance within the ninety-days Plaintiff had to serve them. Plaintiff re-served the complaint without any notice of deficiencies.

For the first time in their *Opposition*, Defendants have proffered an explanation for their lengthy absence, but Defendants still have not made a timely Motion to Dismiss under F.R.C.P. 12(b)(5). Only when Defendants contest the sufficiency of service is Plaintiff required to prove proper service. And the time for Defendants to contest the sufficiency of service is sixty days after the ***initial*** service of process, however faulty Defendant believes it may be. The second service of process is irrelevant to this *Motion*. Defendants tacitly admitted actual notice of the complaint on December 27, 2022.

For the reasons set forth below, this Court should order Defendants to file an answer or dispositive motions no later than May 5, 2022. If Defendants can show good cause for extending that deadline in a formal motion, and despite Plaintiff's opposition to additional time, Plaintiff requests this Court provide only one additional week.

## ARGUMENT

### A. Start of the Answer Clock

Plaintiff concedes Defendants' time to answer the complaint began when the U.S. Attorney received service of the summons and complaint in the mail on December 27, 2022.

### B. Defendants Must Timely Challenge Insufficient Service with a Rule 12(b)(5) Motion.

Plaintiff provided proof of service on December 31, 2021 and additional evidence on January 14, 2022. Dkt. 4, 7.

"A signed return of service ... constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *Pollard v. Dist. of Columbia*, 285 F.R.D. 125, 127 (D.D.C. 2012).

"The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction, but are instead for the purpose of providing a likelihood of bringing actual notice to the intended recipient." *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 35-36 (D.D.C.2006), cited in *Pollard, supra* at 128 n.9.

Only when defendants *challenge* the sufficiency of service under F.R.C.P. 12(b)(5) does the burden fall back on a plaintiff to prove he perfected service. *Daingerfield Island Protective Soc. v. Lujan*, 797 F. Supp. 25, 29 (D.D.C. 1992).

Thus, Defendants may not simply ignore the first service of process by claiming it was invalid and proceed as if the second service of process was the only valid service. Defendants must *timely* raise their Rule 12(b)(5) defense in a motion to dismiss, else it is waived. Defendants have not yet done so, and their deadline for doing so is tomorrow.

## C.  <u>Defendants' F.R.C.P. 12 Defenses Must Be Raised by May 5, 2022.</u>

Plaintiff's *Motion* carefully laid out the timeline of this case, including the number of days since Defendants were initially served process and this case was open. Plaintiff could find no cases speaking directly on the issue of when a defendant's answer is due when the time to answer is interrupted by a voluntary dismissal and subsequent relief from that judgment. Nowhere in Defendants' sixteen page brief did Defendants cite relevant case law or even argue how the days should be counted; thus, Defendants have conceded the issue.

Defendants exhausted thirty-nine of their sixty days to answer when Plaintiff dismissed his complaint. This Court granted Rule 60 relief on April 14, 2022. Assuming Defendants' clock resumed on that date, the twenty-first day after resumption is <u>May 5, 2022</u>. Despite their

explanation in *Opposition*, Defendants still have not raised a timely F.R.C.P. 12(b)(5) motion. This Court may not do it for them. *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986).

Defendants' claim that Plaintiff argued "Defendants' answer deadline should be moved up more than three weeks" is incorrect. *Opposition*, p. 6. Plaintiff is not requesting this Court reduce Defendants' time to answer below the time granted a federal defendant under F.R.C.P. 12(a)(2); May 5, 2022 is the **correct** deadline, sixty days of the open case after Defendants were served on December 27, 2021.

Defendants are pretending only the second service of process took place. The second service of process is irrelevant to this *Motion*. If Plaintiff had never served Defendants a second time, Defendants would *still* be required to respond by May 5, 2022 based on the first service of process.

Defendants argue that case complexity requires more time for them to prepare an answer or defenses. *Opposition*, p. 14. But Defendants have already had fifty-nine days with one more day to go. Defendants have actually had almost 150 days to prepare their answer. Even if Defendants knew Plaintiff's service of process was deficient, they also knew that courts are extremely lenient in allowing *pro se* litigants to make proper service. It was only a matter of time before they had to respond to the *Complaint*. Did Defendants do absolutely no work on this case in the thirty-nine days before voluntary dismissal or after being served the Motion for Rule 60 Relief?

There is a substantial difference between a defendant requesting additional time to file an answer and requesting to maintain an erroneous deadline. May 5, 2022 is the correct deadline. May 27, 2022 is the wrong deadline.

This Court expressly considers the number of previous requests for extension of time when considering granting such a request. Standing Order ¶ 9 ii. Dkt. 3. While complaining about the

need for additional time to file an answer in their *Opposition*, Defendants have not filed a formal motion for an enlargement of time, and they should be required to do so.

Plaintiff is opposed to granting Defendants more time because Defendants have already had about 150 days to prepare their response to the *Complaint*. If the Court in its discretion grants Defendants additional time acting upon a formal motion, the Court should grant them no more than one week to May 12, 2022.

### D. Plaintiff Can Easily Show Satisfactory Evidence of a Right to Relief under Rule 55(d).

Defendants have argued that courts hesitate to enter default judgment, and they prefer to reach a decision on the merits. *Opposition*, pp. 13-14. Yet it remains within this Court's discretion whether the circumstances of this case warrant default judgment.

Defendants blithely claim in conclusory fashion that Plaintiff cannot provide satisfactory evidence establishing his right to relief. *Opposition*, p. 14. Plaintiff's *Motion* expressly requested leave to file a *Motion for Default Judgment* **if** this Court finds Defendants in default, so he could present such evidence. *Motion*, p. 6. Proving Plaintiff's right to relief is trivial as the administrative judge below made numerous, obvious, and egregious errors of fact and law. Specifically, the administrative judge failed to consider the strength of the agency's reasons for its actions, failed to consider motives to retaliate, relied on inapposite precedent overruled by the Whistleblower Protection Enhancement Act, and claimed there were no protected disclosures when those disclosures were obvious.

### E. Plaintiff's Motions Delayed by Defendants.

Defendants claimed, "Plaintiff fails to articulate any reason why Defendants' response to his Complaint in any way delays those putative motions." *Opposition*, p. 15. The reasons are obvious. Defendants ignored this Court's order to respond to the Rule 60 motion, delaying that

decision by several weeks. While the case was still closed, it would have been pointless for Plaintiff to continue motion practice. Clearly, to consolidate this case with Defendants' petition for review before the Board requires an open case exist in this Court.

Several of the putative motions will rely necessarily on Defendants' answer or dispositive motions (or their absence). If those are delayed another three weeks, Plaintiff will be denied relief that much longer.

Plaintiff remains suspended solely because of Defendants. The administrative judge held Plaintiff provided Defendants ***everything they asked for*** in a psychiatric examination, and they are still keeping Plaintiff on suspension. ID, p. 30. Defendants have petitioned the Board for review of that decision. The AJ was required by law to provide Plaintiff interim relief while the Board considers that petition, but she failed to do so. Plaintiff will move to have this Court review that adverse decision by the Board.

### F. Conclusion

Plaintiff was seeking no "procedural advantage" as Defendants claim. His Motion to Show Cause simply demanded Defendants explain their lengthy absence in this case as they are required to do by law with a motion under Rule 12(b)(5).

Plaintiff's Motion to Reset the Deadlines was also not about "procedural advantage." May 5, 2022 is the ***correct*** deadline for Defendants to raise Rule 12(b)(5) defenses, else they are waived. Defendants have effectively conceded the May 5, 2022 deadline by not making any arguments in the *Opposition* about when their answer would have been due. Defendants are simply wrong that they only have to respond to the second service of process.

G. **Oral Hearing**

The issues in this motion are somewhat complex, and perhaps Plaintiff has not been as clear in writing as he could be speaking orally. Defendants have added confusion with their obfuscations in their *Opposition*. Therefore, Plaintiff believes oral arguments will assist this Court in reaching a correct decision on the motions.

H. **Verification**

Plaintiff hereby certifies under 28 U.S.C. §1746 that the foregoing factual statements are true and correct.

EXECUTED May 4, 2022.

-s- *[signature]*
Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com